■ M.E.W.N., Inc., Appellant, v Village of Roslyn Estates, Respondent, and Estelle Aaron, Proposed Intervenor-Respondent.—In an action to recover the proceeds of an escrow account, plaintiff appeals from an order of the Supreme Court, Nassau County, entered June 13, 1979, which (1) granted the motion of the proposed intervenor to reargue two orders of the same court, both dated May 22, 1979, which denied the proposed intervenor's motion to intervene in the action, and granted summary judgment in

favor of plaintiff, respectively, and (2) upon reargument, vacated the orders dated May 22, 1979 and granted the motion to intervene. Order modified, on the law, by (1) deleting therefrom the provision which, upon reargument, vacated the prior orders of the court, and (2) substituting therefor a provision adhering to the court's original determinations. As so modified, order affirmed, without costs or disbursements, and the orders of the court dated May 22, 1979 are reinstated. Although there were certain procedural improprieties involved in the motion to reargue, not the least of which was the fact that Special Term heard additional testimony in connection therewith, these improprieties were not prejudicial to the plaintiff and consequently afford no basis for reversal. However, Special Term further erred in concluding that the agreement between the plaintiff and defendant, which the proposed intervenor now seeks to enforce, was entered into at the intervenor's behest. The record establishes unequivocally that the proposed intervenor did not become aware of the agreement until some weeks after the plaintiff and defendant had entered into it. Nor do we find any other basis on which to conclude that the proposed intervenor was a third-party beneficiary of this agreement. There is no evidence that the plaintiff and defendant intended to confer a benefit on her (see *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655). Consequently, the proposed intervenor is no more than an incidental beneficiary of that agreement, and has no right to enforce it (see *Port Chester Elec. Constr. Corp. v Atlas, supra).* We have considered the proposed intervenor's alternative arguments as to why she should be permitted to intervene and find them to be without merit. Gibbons, J. P., Gulotta, Margett and Martuscello, JJ., concur.