Northern J. CALLOWAY, individually and on behalf of LMN Productions, Inc., Plaintiff,

v.

The MARVEL ENTERTAINMENT GROUP, a DIVISION OF CADENCE INDUSTRIES CORPORATION, James Galton, Al Brodax, Michael S. Klein, Luis Quiros, Dumler & Girous, the Shukat Company, Ltd., Scott Shukat, Peter S. Shukat, Esq., and where necessary, LMN Productions, Inc., Defendants.

The MARVEL ENTERTAINMENT GROUP, a DIVISION OF CADENCE INDUSTRIES CORPORATION, James Galton, Al Brodax, Michael S. Klein, Luis Quiros, and LMN Productions, Inc., Third-Party Plaintiffs,

v.

DUMLER & GIROUX, the Shukat Company, Ltd., Scott Shukat, Peter S. Shukat, Esq., Third-Party Defendants.

No. 82 Civ. 8697 (RWS).

United States District Court, S.D. New York.

Jan. 29, 1985.

See also 564 F.Supp. 107.

D'Amato & Lynch, New York City, for third-party defendant Dumler & Giroux; Richard G. McGahren, New York City, of counsel.

Brookman & Brookman, P.C., New York City, for third-party plaintiffs Klein and LMN Productions, Inc.

Santora, McKay & Ranieri, New York City, for third-party plaintiff Al Brodax; Robert McKay, New York City, of counsel.

## OPINION

SWEET, District Judge.

Motions by Dumler & Giroux ("Dumler"), The Shukat Company, Ltd. ("SCL"). Scott Shukat ("Scott") and Peter Shukat ("Peter") have been made under Rules 8, 9(b), 12(b), and 56 Fed.R.Civ.P. to dismiss the third party complaints brought by the defendants and third party plaintiffs The Marvel Entertainment Group, a division of Cadence Industries Corporation ("Marvel"), James Galton ("Galton"), Al Brodax ("Brodax"), Michael S. Klein ("Klein") and LMN Productions, Inc. ("LMN"). For the reasons set forth below the motions will be granted in part and denied in part.

■ Prior pleadings and motions addressed to those pleadings, including motions for summary judgment were determined in opinions filed on June 30 and December 22, 1983 and July 3, 1984. As a consequence of those prior proceedings the parties and their claims have emerged in the following pattern. The plaintiff Northern J. Calloway ("Calloway"), individually and on behalf of LMN, has stated a copyright infringement claim against Marvel and its officer Galton and Brodax and LMN and its officers Klein and Quiros. Pendent state claims for improper use of Calloway's name, violation of his privacy, and defamation have been alleged against these defendants and additional state claims for breach of fiduciary duty, breach of contract, fraud, and breach of shareholder and option agreements have been alleged against the LMN defendants. Similar state claims were initially made against

Bushkin, Gaines, Gaines, Jones & Stream, New York City, for defendants Michael S. Klein and LMN Productions, Inc.; Jeffrey Strauss, New York City, of counsel.

Brown, Wood, Ivey, Mitchell & Petty, New York City, for defendant Luis Quiros; Stuart J.M. Breslow, New York City, of counsel.

Sonnenfeld, Busner & Weinstein, New York City, for defendants The Marvel Entertainment Group and James Galton; Philip H. Busner, New York City, of counsel.

Arnoff & Merin, P.C., New York City, for third-party defendant Peter Shukat; Norman Arnoff, New York City, of counsel.

additional defendants Dumler, SCL, Scott and Peter, but these pendent state claims were dismissed when those defendants were held not to be contributory infringers and Calloway's federal cause against them was dismissed. Now the non-infringers have been brought back into the dispute as third party defendants by the third party plaintiffs, the LMN defendants and the Marvel defendants, on the basis of state claims of fraud, indemnity, and malpractice. The third party plaintiffs rely on ancillary jurisdiction, notwithstanding the earlier dismissal of the pendent state claims arising out of the same core of factual allegations.

Since the pendent state claims remain in the action against the allegedly infringing defendants, the LMN and Marvel defendants, it would be impractical and wasteful to all of the parties to require a redundant state court trial against the non-infringing defendants on the same facts in the event that Calloway were to be successful in his action in this court. In this setting the distinction between pendent and ancillary jurisdiction seems even more obscure than usual. *See Aldinger v. Howard*, 427 U.S. 1, 13, 96 S.Ct. 2413, 2419, 49 L.Ed.2d 276 (1976) ("Given the complexities of the many manifestations of Federal jurisdiction ... there is little profit in attempting to decide ... whether there are any 'principled' differences between pendent and ancillary jurisdiction.") I conclude that proper ancillary jurisdiction exists here. *Federman v. Empire Fire and Marine Ins. Co.*, 597 F.2d 798 (2d Cir.1979); *Rogers v. Aetna Cas. and Sur. Co.*, 601 F.2d 840 (5th Cir.1979).

■ However, the exercise of ancillary jurisdiction requires a well pleaded cause of action. Here the third party plaintiffs have substantially repeated and realleged the amended complaint, which has been held to state various causes against them. More specifically, the third party plaintiffs allege (1) that all the third party defendants participated in changing the agreement of June 8, 1981, and executed agreements extending LMN's rights and that Peter affixed Calloway's signature, all

without Calloway's knowledge or consent, and (2) that Dumler knowingly released the agreement of February 1, 1982, without Calloway's consent and contrary to Calloway's agreement with Peter, the terms of which were known to Dumler. It is consequently alleged that if Calloway recovers judgment against the defendant-third party plaintiffs, then they in turn are entitled to judgment over against Scott, Peter, SCL and Dumler.

■ The fraudulent conduct of the first claim, that is, the alteration of Calloway's initial agreement and the extensions, is adequately pleaded with respect to SCL, Scott, and Peter. However, in the December 22 opinion I found that with respect to the first count the only specific acts alleged by Dumler were that "as LMN's attorneys. [Dumler] asked Calloway's manager to grant an option on 'The Skyrider' to LMN, and participated in the negotiation, drafting and execution of the agreements to effectuate this option." This is insufficient to support a fraud action, and the first count, to the extent it is founded on an allegation of fraud, must be dismissed with respect to Dumler.

■ The third party complaint does, however, set forth a claim for contribution against the Shukat interests and Dumler as joint tortfeasors. Finally, if the first claim speaks in terms of indemnity, the indemnity is not set forth.

■ The second count in the third party complaint alleges a knowing violation by Peter and Dumler of what has been referred to, somewhat loosely, as the escrow agreement. Dumler is alleged to have released the agreement to Marvel in violation of the understanding between Peter and Calloway. At best, what is alleged is the breach of the escrow agreement creating liability to Calloway, and absent some misrepresentation by Dumler, none of which is alleged, there is no basis for liability of Dumler to Marvel or LMN. *Quintel v. Citibank*, 589 F.Supp. 1235 (S.D.N.Y.1984); *Mikropul v. Desimone*, 599 F.Supp. 940 (S.D.N.Y.1984). Neither can establish a basis for indemnity as a result of Dumler's

violation of an escrow agreement between Calloway and Peter with respect to documents signed by Calloway. As neither parties nor third party beneficiaries of the escrow agreement, Marvel and LMN cannot sue based upon the violation of that agreement. *M.E.W.N., Inc. v. Village of Roslyn Estates*, 78 A.D.2d 636, 432 N.Y. S.2d 115 (2d Dept.1980). Further, the uncontradicted affidavit of Egon Dumler establishes that Dumler, with Peter's approval, forwarded the documents to Klein, not to Marvel. Although Dumler might be said under these alleged facts to have committed malpractice as far as his client LMN is concerned, such is not alleged.

Similarly, Peter owed no duty to Marvel or LMN, and absent a knowing misrepresentation Peter would have liability, if any, only to his client, Calloway. *Quintel, supra; Mikropul, supra.* Of course, that pendent state claim has been dismissed.

Therefore, the motion to dismiss the second count of the third party complaint is granted in its entirety. The motion to dismiss the first count is granted insofar as the count alleges a claim for indemnity and insofar as Dumler is alleged to be liable under a fraud theory. Discovery shall be completed by June 5, 1985 and a joint pretrial order submitted by June 12, 1985.

IT IS SO ORDERED.